IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ASHFAQ HUSSAIN, on behalf of himself and others similarly situated, | ) ) ) |
| Plaintiff, | ) ) Case No17-cv-625-TWP-MPB |
| v. | ) ) ) |
| LSF9 MASTER PARTICIPATION TRUST, CALIBER HOME LOANS, INC., and U.S. BANK TRUST, N.A., as trustee of LSF9 MASTER PARTICIPATION TRUST | ) ) ) ) ) |
| Defendants. | ) ) |

## JOINT MOTION FOR PRELIMINARY APPROVAL

Plaintiff, Ashfaq Hussain ("Hussain"), individually, and on behalf of the class of persons defined below in Paragraph 4 (the "Class" or "Class Members"), and Defendants LSF9 Master Participation Trust ("LSF9"), Caliber Home Loans, Inc., ("Caliber"), and U.S. Bank Trust, N.A., as trustee of LSF9 Master Participation Trust ("U.S. Bank"), (collectively, the "Defendants"), request that this Court enter an order which: (i) preliminarily approves the Class Settlement Agreement (the "Agreement") attached as Appendix A; (ii) certifies the class for purposes of settlement; (iii) sets dates for Class Members to submit claim forms, opt out or object, (iv) schedules a hearing for final approval of the Agreement; (v) approves the mailing of notice to the Classes in the form of Exhibit 1 to Appendix A, and (vi) finds that the mailing of such notice satisfies due process. A copy of the proposed preliminary approval order is attached as Exhibit 2 to Appendix A.

1. Hussain, individually and on behalf of a class, filed a lawsuit in this Court, entitled *Ashfaq Hussain v. LSF9 Master Participation Trust; Caliber Home Loans, Inc.; and U.S. Bank Trust, N.A., as Trustee of LSF9 Master Participation Trust*, Case No. 1:11-cv-8972 (the

"Hussain Litigation"). Michael Carbone, individually and on behalf of a class filed a lawsuit in the United States District Court for the Eastern District of New York, entitled *Michael K. Carbone v. Caliber Home Loans., Inc.; and U.S. Bank Trust, N.A., as Trustee of LSF9 Master Participation Trust*, Case No. 15-cv-4919-JS-ARL (the "Carbone Litigation")[1]. Robert Grosz and Chaya Grosz, individually and on behalf of a class filed a lawsuit in the United States District Court for the Eastern District of New York, entitled *Robert Grosz and Chaya Grosz v. LSF 9 Master Participation Trust; Caliber Home Loans, Inc.; and U.S. Bank Trust, N.A., as Trustee of LSF9 Master Participation Trust,* Case No. 2:16-cv-04035-SJF-AKT (the "Grosz Litigation").[2] The Hussain Litigation, Carbone Litigation and Grosz Litigation (collectively, the "Litigations") each alleged that certain letters were sent by or on behalf of Defendants in connection with their efforts to collect mortgage loans from Plaintiffs and the purported class members. Plaintiffs allege that such letters violated the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA") in various ways, namely (1) including language that requires a dispute be in writing in violation of §1692g(a)(3); (2) directing consumers to send dispute correspondence to an improper address in violation of §1692g; and (3) by stating that consumers must obtain a pay-off statement to ascertain the amount of the debt in violation of §1692g(a)(1).

2.  After arms-length discussion, including a mediation before the Honorable Wayne Andersen (retired judge from the U.S. District Court for the Northern District of Illinois, and the Circuit Court of Cook County, Illinois), the Parties reached a settlement to resolve the Litigations. At all times, Defendants have denied and continue to deny all allegations of

---

[1] The Carbone Litigation contains an additional class claim alleging violation of the Truth In Lending Act ("TILA"). Carbone has resolved his TILA claim on an individual basis. The TILA claims alleged in the Carbone Litigation are not a part of the parties Class Settlement.

[2] By Order dated August 7, 2017, the Grosz Complaints were dismissed with prejudice. Grosz has appealed the dismissal to the Second Circuit Court of Appeals. In light of the Parties' settlement memorialized in this Agreement, the appeal has been withdrawn without prejudice, with Grosz retaining the right to renew the appeal by May 31, 2018.

wrongdoing and liability in the Litigations.  Solely for the purpose of avoiding the expense, burden, and uncertainty of further litigation, Defendants desire to fully and finally settle all claims that have been, or could have been, asserted by Plaintiffs and the purported class against Defendants concerning the letters at issue in the Litigations.  Counsel for the Parties have analyzed the legal and factual issues presented in this action, the risks and expense involved in pursuing the Litigations to conclusion, the likelihood of recovering damages in excess of those obtained through this settlement, the protracted nature of the Litigations and the likelihood, costs and possible outcomes of one or more procedural and substantive appeals.  Based upon counsel's review and analysis, the Parties have entered into the Agreement to settle and resolve the Litigations on the terms and conditions embodied in the Agreement.  Solely and exclusively for purposes of settlement, and without waiving any rights to challenge the Class definition in the event the settlement proposed herein is not approved by a Court, the Parties agree as follows:

3. Plaintiff and Defendant have considered the factors required to certify a class action under Federal Rule of Civil Procedure 23.

4. The proposed class ("the Class") is defined as (a) all individuals (b) who were sent a document in the form represented by <u>Exhibits A, B or C</u> (attached hereto) (c) on or after August 20, 2014 and on or before March 20, 2017.  Defendants represent that, the Class as defined above consists of 81,602 persons.

5. The parties stipulate and agree that, for settlement purposes only[3], the following requirements are met:

    a. The Class is sufficiently numerous such that joinder of all members is impracticable. (As discussed above, Defendants represents that, the class consists of approximately 81,602 individuals).

---

[3] In the event the settlement is not finalized and approved, nothing herein should be deemed, construed as, or admissible as an admission by any party as to any fact or a waiver by any party as to any argument.

      b.      There are questions of law and fact common to the Class that predominate over any questions affecting only individual members.

      c.      The Class Representative's claims are typical to those of the Class Members.

      d.      The Class Representative and his counsel are adequate representatives for the Class.

      e.      Settlement of this action on a class basis is the superior and appropriate method for the fair and efficient resolution of this controversy.

6.      The Agreement provides the following relief to the Plaintiffs and the Class:

      a.      **Relief to Plaintiffs**.  Defendants shall pay $2,500 to Hussain for his statutory and actual damages and for his service as class representative.  Defendants shall pay $2,500 to Carbone for his statutory and actual damages and for his service as class representative.  Defendants shall pay $2,500 to Robert Grosz his statutory and actual damages and for his service as class representative.  Defendants shall pay $2,500 to Chaya Grosz for her statutory and actual damages and for her service as class representative.

      b.      **Class Recovery**.  Defendants shall create a class settlement fund in the amount of $226,500.00 ("Class Recovery") which, subject to the potential for reduction pursuant to Section 6(c), below, shall be distributed pro rata among Class Members who do not exclude themselves and who timely return a claim form ("Participating Class Members"). Participating Class Members will receive a pro rata share of the Class Recovery by check. Checks issued to Participating Class Members will be void after 60 days ("void date");

      c.      **Costs of Class Notice**. Defendants shall pay all costs associated with the notice under this class settlement and the costs of administering the class settlement in an amount not to exceed $121,290.00; any additional amounts beyond $121,290.00 are to be deducted from the Class Recovery.  Defendant shall advance a total of $121,290.00 to Class Counsel to cover the costs associated with notice and administration of the class.

      d.      **Attorneys' Fees and Costs**.  Counsel for Plaintiffs and the Class shall petition the Court for approval of attorneys' fees and costs in an amount not to exceed $111,666.66.  Defendants shall not oppose Class Counsel's fee petition for an amount not to exceed $111,666.66. Defendants shall pay counsel for Plaintiffs and the Class, that amount which the Court deems reasonable which shall not exceed $111,666.66

      e.      **Class Notice**.  The Settlement Administrator, Class-Settlement.com (subject to approval by the Court), shall be responsible for administration of this

Agreement. Within 30 days after receipt of (1) the Class List and (2) the costs of notice and administration in the amount of $121,290.00, Class Counsel shall through the Settlement Administrator cause postcard notice, in the form of Exhibit 1a, to be sent to the last known addresses of the Class Members. Prior to mailing the Notice, the Settlement Administrator shall obtain current addresses for Class Members by running their addresses through the National Change of Address database. The postcard notice will also refer the Class Members to the website notice in the form of Exhibit 1b. The Settlement Administrator shall distribute the postcard notice via any form of U.S. Mail providing address forwarding. Each postcard notice shall be sent with a request for forwarding addresses. In the event that the postcard notice is returned as undeliverable and a forwarding address is provided, the Settlement Administrator shall cause to be forwarded any such returned notice to the address provided within five days of receipt.

    f. <u>Class Members' Right to Opt Out</u>. All Class Members who properly file a timely written request for exclusion shall be excluded from such Class and shall not be bound by the Agreement. A request for exclusion must be in writing and must include language to the effect of "I hereby wish to exclude myself from the settlement in *Hussain v. LSF9 Master Participation Trust, Case No*. 1:17-cv-000625-TWP-MPB (S.D. Ind)" The request must also include the name, address, phone number and signature of the person(s) or their authorized representative seeking exclusion. The request must be mailed to the Settlement Administrator at the address provided in the Class Notice and received by such date as set by the Court. A request for exclusion that does not include all of the foregoing information, or that is sent to an address other than the one designated in the Class Notice, or that is not received within the time specified shall be invalid and the person(s) serving such request shall remain a Class Member and shall be bound as a Class Member by the Agreement, if approved. The Settlement Administrator shall forward copies of all requests for exclusion to Counsel for the Parties no later than seven days after the deadline for Class Members to submit such requests.

    5. The FDCPA caps a class's recovery for statutory damages at the lesser of 1% of the debt collector's net worth or $500,000. 15 U.S.C. §1692k(a)(B). Based upon the information provided and the nature of the claims alleged, Class Counsel believes that the Agreement is fair and reasonable, would be in the best interest of the Class, and should be approved by the Court. If each Class Member submits a claim form, which is unlikely, each class member will receive approximately $2.77. If 10% of the class members timely submit a claim form, which is more

typical for these type of cases, each participant class member will receive approximately $27.754.[4]

6.  If this settlement and the Agreement are not approved by the Court or for any reason do not become effective, they shall be deemed null and void and shall be without prejudice to the rights of the Parties hereto and shall not be used in any subsequent proceedings, in this or any other litigation, or in any manner whatsoever.

7.  The settlement in this case complies with recent case law from the Seventh Circuit concerning class action awards, and is consistent with the principles set forth in *Pearson v. NBTY, Inc.*, 772 F.3d 778 (7th Cir. 2014), *Redman v. RadioShack Corp.*, 768 F.3d 622, (7th Cir. 2014) and *Eubank v. Pella Corp.*, 753 F.3d 718 (7th Cir. 2014). The award to the Class is distinct and separate from the attorneys' fees in this case. The FDCPA is a fee shifting statute and the fees being awarded to the class would not come from a class fund, but rather by payment directly from Defendants, pursuant to the fee shifting provision of the FDCPA as set out in Section 1692k(a)(3). Thus, the size of the attorneys' fees award does not affect the award to the class, unlike cases such as *Pearson*, *Redman* and *Eubank* where payment of the attorneys' fees affected the total payment to the class.

Unlike *Pella*, 753 F.3d at 722, 723-724, there is no conflict of interest here between the named Plaintiffs and the Class, for reasons including that the Plaintiffs shares no prior financial, personal, or familial relationship with Class Counsel. And unlike *Pella*, 753 F.3d at 724, there is no conflict of interest between Class Counsel and the Class. The Agreement does not provide for the payment of attorney's fees to Class Counsel prior to the notice being sent to the class. *Id*.

---

[4] The recovery amounts listed herein are subject to adjustment upwards or downward depending on the ultimate costs of the class administrator.

Unlike *RadioShack*, the instant settlement does not involve coupons. *RadioShack*, 768 F.3d at 635-637. Here, there is no difficulty valuing the settlement. The settlement contemplates statutory damages of $226,500.00, distributed pro rata to all Class Members who timely return a claim form.

In this case, even if the Litigations were to proceed to trial, the 81,602 Class Members, in the aggregate, would not receive more than the lesser of $500,000 or 1% of the debt collector's net worth. The Parties further submit that the Class Notice gives fair notice to the Class of the terms of the Agreement and the ways in which Class Members can participate (or not) in the settlement, thereby satisfying the requirements of Fed. R. Civ. P. 23, and of due process.

8. Class Counsel shall file its fee petition within thirty (30) days after the initial mailing of class notice.

9. <u>Schedule for Class Notice and Opt Outs:</u> The Parties request that the Court set the following schedule for the proposed Agreement:

   a. Defendants are to: (1) provide the final class list to Class Counsel and; (2) advance the costs of the administration of the class settlement (in an amount not to exceed $121,290.00) to Class Counsel within ten (10) business days after entry of the Preliminary Approval Order. Class Counsel is to hold these funds in escrow and disburse as necessary to the Settlement Administrator.

   b. The Class Notice (Exhibit 1a to Appendix A) is to be mailed within thirty (30) days after Class Counsel's receipt of (1) the class list, and (2) the costs of notice and administration in the amount of $121,290.00. The Website Notice (Exhibit 1b to Appendix A) is to be uploaded within 30 days of entry of the Preliminary Approval Order;

   c. Class Members shall have until sixty (60) days after the initial mailing of the Notice to complete and postmark a claim form, request to be excluded from the proposed settlement or to object to the proposed settlement and Class Members whose individual notices were re-mailed shall have sixty (60) days after the remailing of the notice to complete and postmark a claim form;

   d. A final hearing on the fairness and reasonableness of the Agreement and whether the final approval shall be given and the requests for fees and expenses by

counsel for the Classes will be held before this Court on a date at least ninety (90) days from the notification provided under the Class Action Fairness Act.

10. In the event that there is any conflict between any provision of this Motion and the Settlement Agreement between the Parties, the Parties intend for the Agreement to control, subject to Court approval.

WHEREFORE, the Parties respectfully request that the Court enter an order in the form of Exhibit 2 to the Agreement, which (a) preliminarily approves this Agreement; (b) certifies the class for purposes of settlement; (c) schedules a hearing for final approval of this Agreement; (d) approves Exhibits 1a to the Agreement as postcard notice to the Class to be directed to the last known address of the class members as shown on Defendants' records and approves Exhibit 1b as website notice, (e) sets dates for Class Members to opt-out, object, or return a claim form and (f) schedules a hearing for final approval under FED. R. CIV. P. 23(c)(2).

|  | Respectfully submitted, |
|---|---|
| /s/Tiffany Hardy<br>Tiffany Hardy<br>One of the attorneys for Ashfaq Hussain<br><br>Daniel A. Edelman<br>Cathleen M. Combs<br>James O. Latturner<br>Tiffany N. Hardy<br>Edelman, Combs, Latturner & Goodwin, LLC<br>20 South Clark Street, Suite 1500<br>Chicago, IL  60603<br>Telephone: 312-739-4200<br>Facsimile: (312) 419-0379<br>thardy@edcombs.com | /s/Edward M. Smid<br>Michael H. Gottschlich (#22668-49)<br>Edward M. Smid (#30134-49)<br>BARNES & THORNBURG LLP<br>11 South Meridian Street<br>Indianapolis, Indiana 46204<br>Phone:  317.236.1313<br>Fax:  317.231.7433<br>mgottschlich@btlaw.com<br>edward.smid@btlaw.com<br><br>Manny Caixeiro<br>Perkins Coie LLP<br>30 Rockefeller Center, 22nd Floor<br>New York, New York 10112-0085<br><br>Attorneys for Defendants |

|  | LSF9 Master Participation Trust, Caliber Home Loans, Inc., and U.S. Bank Trust, N.A., as trustee of LSF9 Master Participation Trust<br><br>Telephone: 212-262-6913<br>Facsimile: 212-977-1643<br>MCaixeiro@perkinscoie.com |
|---|---|

## CERTIFICATE OF SERVICE

      I, Tiffany N. Hardy, hereby certify that on February 5, 2018, I caused a true and accurate copy of the foregoing document to be filed via the Court's CM/ECF System, which sent notification of such filing to all parties of record.

                                               /s/Tiffany N. Hardy
                                               Tiffany N. Hardy

Tiffany N. Hardy
EDELMAN, COMBS, LATTURNER
     & GOODWIN LLC
20 South Clark Street, Suite 1500
Chicago, Illinois 60603
Phone: (312) 739-4200
Fax: (312) 419-0379