**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| ASHFAQ HUSSAIN,<br>on behalf of plaintiff and others similarly<br>situated<br><br><div align="center">Plaintiff,</div><br><br><div align="center">v.</div><br><br>LF9 MASTER PARTICIPATION TRUST;<br>CALIBER HOME LOANS, INC; and<br>U.S. BANK TRUST, N.A, as trustee of<br>LF9 MASTER PARTICIPATION TRUST<br><br><div align="center">Defendant.</div> | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)      17-cv-625-TWP-MPB |

## PETITION FOR, AND MEMORANDUM IN SUPPORT OF, AWARD
## OF CLASS COUNSEL'S FEES AND COSTS

This class action settlement resulted from arms-length negotiations during a global

mediation of three class actions asserting similar claims against Defendants.  In addition to the

above captioned case, the mediation resulted in the settlement of *Carbone v. Caliber Home*

*Loans, Inc.*, et al,  2:15-cv-0419-JS-ARL (pending in E.D.N.Y.), and *Grosz v. LSF9 Master*

*Participation Trust, et al,* 2:16-cv-04035-SJF-AKT (filed E.D.N.Y. and pending on appeal in the

Second Circuit Court of Appeals, Docket No. 17-2738). The Honorable Wayne Andersen (Ret.)[1]

mediated the global settlement.

## I.     OVERVIEW OF THE CASES

## Hussain v. Caliber Home Loans, et al

Plaintiff, Ashfaq Hussain ("Hussain"), brought this class action against Defendants

---

[1]The Honorable Wayne Andersen is a retired U.S. District Court Judge for the Northern
District of Illinois.

LSF9 Master Participation Trust ("LSF9"), Caliber Home Loans, Inc., ("Caliber"), and U.S. Bank Trust, N.A., as trustee of LSF9 Master Participation Trust ("U.S. Bank"), (collectively, "Defendants") on February 28, 2017 alleging that Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq., ("FDCPA"). Subsequently, on May 8, 2017 plaintiff filed an Amended Complaint (Dkt No. 26).

The Amended Complaint alleged that the Defendants violated the FDCPA in connection with a notice sent to Plaintiff and the class members which (1) implied that the recipient must pay for a pay-off statement in order to obtain information required by §1692g, (2) stated that a dispute must be in writing when it said "if you dispute the debt, please contact us in writing. . . ," and (3) was confusing in that it told the recipient to send a request for verification to the "above address" when the correct address for such purposes was listed below in the letter. On April 24, 2017 Defendants filed a motion to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(1) and Fed. R. Civ. P. 12(b)(6). This motion remained fully briefed and pending at the time the parties reached a settlement.

**Carbone v. Caliber Home Loans, et al**.

On August 21, 2015, Michael Carbone ("Carbone") filed a class action against Defendants in the U.S. District Court for the Eastern District of New York, alleging that Defendants violated the FDCPA. On October 23, 2015, Carbone filed an Amended Complaint alleging that Defendants sent him a document dated November 17, 2014 that violated the FDCPA in the following respects: (1) it implied that any dispute must be in writing; and (2) it was confusing because it told the recipient to send a request for verification to the "above address" when the correct address for such purposes was listed below in the letter. Carbone's Amended Complaint also asserted claims against

2

Defendant LSF9 pursuant to the Truth In Lending Act ("TILA") which are not part of this class settlement.

On November 9, 2015, Defendants filed a partial Motion to Dismiss Carbone's Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6), which motion was fully briefed and subsequently denied on September 30, 2016 by the Honorable Joanna Seybert.

**Grosz v. LSF9 Master Participation Trust, et al**

On July 20, 2016 Robert Grosz ("R. Grosz") and Chaya Grosz ("C. Grosz") filed a class action against Defendants in the U.S. District Court for the Eastern District of New York, alleging that Defendants violated the FDCPA.  On November 23, 2016 R. Grosz and C. Grosz filed an Amended Complaint alleging that the document dated November 24, 2015 violated the FDCPA in the following respects: (1) it implied that the recipient must pay for a pay-off statement in order to obtain information required by §1692g, (2) it violated NYRPL §274-a(2) by demanding payment for a payoff statement; (3) it stated that a demand for verification must be in writing, and  (4) it was confusing in that it told recipients to send requests for verification to the "above address" when the address was listed below in the letter.

Subsequently, Defendants moved to dismiss the Grosz Amended Complaint pursuant to Fed.R.Civ.P. 12(b)(1) and Fed.R.Civ.P. 12(b)(6). On August 7, 2017, after  Defendants' Motion to Dismiss was fully briefed, the Honorable Sandra J. Feuerstein granted Defendants' Rule  12(b)(1) motion to dismiss.  On August 31, 2017, the Grosz plaintiffs filed a Notice of Appeal in the U.S. Court of Appeals for the Second Circuit.

**II. PRELIMINARY APPROVAL**

On February 6, 2018, this Court entered an order, granting preliminary approval to the

parties' settlement (Dkt No. 66). The settlement provides for Defendants to pay as follows:

1.      $226,500.00 to be paid *pro rata* to class members who timely submit a claim form;

2.      $2,500.00 to each of the named Plaintiffs (Hussain, Carbone, R. Grosz , and C. Grosz) for their respective statutory and actual damages and for their service as class representatives;

3.      $111,666.66 00 to be paid to class counsel for attorney's fees and costs;

4.      $121,290.00 to be paid to the settlement administrator, Class-Settlement.com.

Pursuant to the Court's preliminary approval order, Class Counsel, Edelman Combs Latturner & Goodwin, LLC (ECLG); Kleinman LLC ("Kleinman"); Law Offices of Lawrence Katz, P.C. ("Katz"); and the Law Office of Robert E. Duff ("Duff"), hereby petition the Court for an award of $111,666.66; for their attorney's fees and costs, and submit this memorandum in support of their petition. As of the date of filing, ECLG alone has spent more than 389 hours and expended $136,959.98 in litigating this action, of which $127,409.50 are attorney's fees and $9,550.48 are costs. *See* Appendix F to Declaration of Daniel A. Edelman, Exhibit 1. This does not include the time and costs expended by, Kleinman, Katz, and Duff.

## ARGUMENT

**III.     Class Counsel Petition For $111,666.66 In Fees And Costs Is Fair And Reasonable**

Class Counsel's petition for $111,666.66 in fees and costs is fair and reasonable. The FDCPA allows Class Counsel to recover for their work in this action. Section 1692k provides that "any debt collector who fails to comply with any provision of this subchapter with respect to any person" is liable, *inter alia*, for "in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the

4

court." 15 U.S.C. §1692k(a)(3). To date, ECLG alone has incurred close to $137,000.00 in fees and costs. Kleinman, LLC has incurred $6,595.00 in fees and costs (Exhibit 2). The Law Office of Lawrence Katz, P.C., has incurred $6,950.00 in fees and costs (Exhibit 3). The Law Office of Robert E. Duff ("Duff") has incurred $16,290.88 in fees and costs (Exhibit 4). In total Class Counsel has incurred $166,835.88 in fees and costs which greatly exceeds the fee award.

**A.      The Time Class Counsel Expended On Litigating This Case Was Reasonable**

To date, Class Counsel has expended more than 450 hours litigating the three cases involved in this settlement. In *Carbone v. Caliber Home Loans, Inc.*, ECLG expended a total of 56.40 hours and Kleinman expended a total of 15.10 hours. In *Grosz v. LSF9 Master Participation Trust, et al*, ECLG expended a total of 102.50 hours and Katz expended a total of 13.9 hours. In *Hussain v. Caliber Home Loans et al,* ECLG expended a total of 152.90 hours and Duff expended 40.60 hours. Following the scheduling of the mediation, ECLG expended an additional 77.50 hours in time dedicated to the mediation and settlement related work. Most of those hours were expended on the following tasks:

**1.      Pre-Complaint Legal and Factual Investigation**. Class Counsel began conducting a factual and legal investigation of the Plaintiffs' claims in June 2015 when preparing to file the complaint in *Carbone v. Caliber Home Loans, Inc., et al.* This investigation included an investigation of each defendant. The investigation also included a review of the case law and its application to the notices at issue, as well as any potential defenses that Defendants might raise. Class Counsel conducted further research in connection with the filing of the *Grosz* and *Hussain* cases in light of the motion to dismiss filed by defendants in the *Carbone* action.

**2.      Complaints**. Once the initial factual and legal research had been completed,

5

Class Counsel drafted, prepared, and filed the initial complaint and preliminary motion for class certification in each of the three cases. Additionally, Class Counsel engaged in correspondence with each of the Plaintiffs at the inception of the case and throughout.

In each action, Class Counsel subsequently filed an Amended Complaint. The Amended complaint chiefly added additional allegations to refine the pleading and address alleged defects asserted by Defendants.

3. **Motion Practice**. In response to each Amended Complaint, Defendants filed a Motion to Dismiss. Each motion to dismiss was fully briefed, with Class Counsel researching, drafting and filing a response to Defendants' motions to dismiss.

4. **Discovery**. Class Counsel issued written discovery requests to in the *Carbone* case as well as the *Hussain* case. No depositions were taken by either side in any of the three cases. Class Counsel assisted Plaintiffs Carbone and Hussain in answering Defendants' written discovery requests.

5. **Appeal**. After the court granted Defendants' Motion to Dismiss in *Grosz*, Class Counsel appealed to the Second Circuit. Class Counsel researched, drafted, and filed Appellants' opening brief.

6. **Settlement**. In an effort to settle the three cases, Class Counsel participated in a global day-long mediation where the Honorable Wayne Andersen (Ret.) presided. At the conclusion of the mediation the parties still had not reached a settlement.

However, with the assistance of Judge Andersen, the parties were able to bridge the gap and reach a settlement in principle. Before, during, and after that mediation, Class Counsel and Defendants' counsel discussed a multitude of settlement issues. Class Counsel and Defendants'

counsel exchanged multiple drafts of the settlement documents, participated in multiple telephonic conferences, which ultimately resulted in the motion for preliminary approval being filed.

The foregoing does not reflect all the work Class Counsel performed in litigating the three cases. It does not reflect all the conferences between and among Class Counsel, conferences between ECLG attorneys, communications between Class Counsel and the plaintiffs, and sundry other tasks. A summary of the work performed by ECLG to date is attached hereto as Appendix F to Declaration of Daniel A. Edelman, Exhibit 1. Moreover, Class Counsel will incur additional fees and costs in wrapping up the case, including the drafting of a final approval memorandum, attendance at the fairness hearing, and responding to calls from class members when they receive notice of the settlement and their settlement checks (assuming the settlement is given final approval).

## CONCLUSION

In light of the results achieved for class members, and the length of time and difficulty in achieving those results, an award of $111,666.66 to Class Counsel is fair and reasonable. For the foregoing reasons, the Court should find that $111,666.66 is fair and reasonable and award that amount to Class Counsel in fees and costs.

Respectfully submitted,

*/s/ Tiffany N. Hardy*
Tiffany N. Hardy

Daniel A. Edelman
Cathleen M. Combs
Tiffany N. Hardy
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
20 S. Clark Street, Suite 1500
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)

## CERTIFICATE OF SERVICE

I, Tiffany N. Hardy, hereby certify that on April 25, 2018, a true and accurate copy of the foregoing document was filed via the Court's CM/ECF system which shall cause delivery and notification of such filing upon all counsel of record.

Respectfully submitted,

/s/ Tiffany N. Hardy
Tiffany N. Hardy

Daniel A. Edelman
Cathleen M. Combs
Tiffany N. Hardy
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
20 S. Clark Street, Suite 1500
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)

8