**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| ASHFAQ HUSSAIN, on behalf of himself and others similarly situated, ) ) ) | |
| Plaintiff, ) ) ) | |
| v. ) ) | Case No. 1:17-cv-00625-TWP-MPB |
| LSF9 MASTER PARTICIPATION TRUST, CALIBER HOME LOANS, INC., and U.S. BANK TRUST, N.A., as Trustee of LSF9 MASTER PARTICIPATION TRUST, ) ) ) ) ) ) | |
| Defendants. ) | |

**FINAL APPROVAL ORDER AND JUDGMENT**

This Court, upon a hearing held on June 14, 2018, of which notice was given in accordance with this Court's prior order preliminarily approving a proposed Class Settlement Agreement ("the Agreement") (Filing No. 67), with counsel for Plaintiff Ashfaq Hussain ("Plaintiff"), and counsel for Defendants LSF9 Master Participation Trust ("LSF9"), Caliber Home Loans, Inc., ("Caliber"), and U.S. Bank Trust, N.A., as Trustee of LSF9 Master Participation Trust ("U.S. Bank"), (collectively, "the Defendants"), present, noting that the parties dispute the claims on the merits and concede no arguments in support of their positions but have, nevertheless, agreed to settle their claims, and now being fully advised:

The Court has jurisdiction over the subject matter of this lawsuit, Plaintiff, the Settlement Class Members, and Defendants.

The following class is certified pursuant to Federal Rule of Civil Procedure 23(b)(3):

(a)  all individuals (b) who were sent a letter in the form represented by Exhibits A, B or C (Filing No. 26-1, Filing No. 26-2 and Filing No. 26-3; attached hereto) (c) on or after August 20, 2014 and on or before March 20, 2017.

Based on the parties' stipulations, which are made for purposes of settlement: (A) the Settlement Class as defined is sufficiently numerous such that joinder is impracticable; (B) common questions of law and fact predominate over any questions affecting only individual Settlement Class Members, including whether Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.*, by sending the letters at issue; (C) the claims of Plaintiff are typical of the claims of the Settlement Class Members; (D) Plaintiff is an appropriate and adequate representative for the Settlement Class, and his attorneys have fairly and adequately represented the Settlement Class Members; and (E) a class action is the superior method for the fair and efficient adjudication of the claims of the Settlement Class Members.

The Court appoints as Class Counsel Edelman, Combs, Latturner & Goodwin, LLC, Law Offices of Lawrence Katz, P.C., Kleinman LLC, and the Law Office of Robert E. Duff.

1. The Court approved a form of notice for mailing to the Settlement Class. The Court is informed that actual notice was sent by first class mail to 81,602 persons in the Settlement Class by Class-Settlement.com (the "Settlement Administrator").

2. As of June 6, 2018, there were 8,128 notices returned by the U.S. Postal Service; 469 of the returned notices contained forwarding information provided by the U.S. Postal Service and were re-mailed. Of the 469 items re-mailed, 35 were returned a second time. Of these, 12 items were able to be re-mailed based on additional forwarding information.

3. As of June 6, 2018, the Settlement Administrator received 83 Class Member requests to opt out of the settlement, 6 Class Member objections to the settlement, 2 Class Members who both objected and opted out of the settlement, and opt-out requests from 25 individuals for whom no match was located on the Class List.

One conditional objection was filed by the Consumer Law Center on behalf of four

Maryland Class Members. Counsel for Defendants filed an opposition to the conditional objection filed on behalf of the four Maryland objectors. Class Counsel's Final Approval Memorandum contained Class Counsel's response to the four Maryland objectors. The Consumer Law Center filed a reply asking that the Court deny the four Maryland objectors' objection to approval of the Class Settlement. Attorney Phillip Robinson of the Consumer Law Center appeared at the Fairness Hearing on behalf of the four Maryland objectors. The conditional objection by the four Maryland objectors to final approval of the Class Settlement was overruled.

An objection was filed by Freddie L. Wood. Mr. Wood was served with a copy of Class Counsel's Final Approval Memorandum containing Class Counsel's response to his objection. Mr. Wood did not appear at the Fairness Hearing. The objection of Freddie Wood to final approval of the Class Settlement was overruled.

An objection was submitted by Leonard Francis Grundy. On June 8, 2018, Mr. Grundy contacted Class Counsel and expressed a desire to have his objection treated as a request for exclusion. Mr. Grundy was served with a copy of Class Counsel's Final Approval Memorandum containing Class Counsel's response to his objection. Mr. Grundy did not appear at the Fairness Hearing. Mr. Grundy's objection was overruled and Mr. Grundy's letter will be treated as a request for exclusion.

James Taccino and Jane Taccino each submitted a letter labeled as a request for exclusion, opt-out and objection. James and Jane Taccino were served with a copy of Class Counsel's Final Approval Memorandum containing Class Counsel's response to their correspondence. Neither James Taccino nor Jane Taccino appeared at the Fairness Hearing. The objections of James Taccino and Jane Taccino were overruled and James Taccino's and Jane Taccino's letters will each be considered as requests for exclusion.

Class Counsel was informed by the Biddle Law Firm in a letter dated May 14, 2018 that it had received the class notice for former clients Joann Washington, Melissa M. Abdullah, and Rhonda B. Walker. As these Class Members never received actual notice of the Class Settlement, they will be excluded from the Settlement Class.

A total of 11,137 Settlement Class Members timely returned valid Claim Forms and are entitled to a share of the monetary benefits from the Fund. Additionally, as of June 13, 2018, a total of 180 late, but otherwise valid claim forms were received. The late returning Class Members will be allowed to share in the monetary benefit from the Fund.

On June 14, 2018, the Court held a fairness hearing to which Settlement Class Members, including any with objections, were invited.

1. The Court finds that the Agreement's provisions for notice to the Settlement Class Members satisfy the requirements of due process pursuant to the Federal Rules of Civil Procedure, including Rule 23, the United States Constitution, and any other applicable law.

2. The Court finds that notice was given to the proper federal and state authorities under the Class Action Fairness Act (28 U.S.C. §1715) in a timely manner, and thus the question of final approval is now ripe for consideration.

3. Specifically, the Court finds that the Settlement Class is so numerous that joinder of all members is impracticable.

4. There are questions of law and fact common to the Settlement Class Members.

5. Plaintiff and Class Counsel have fairly and adequately represented the interests of the Settlement Class Members.

6. The questions of law and fact common to the Settlement Class Members predominate over any individual issues.

7. A class action is superior to other methods of adjudicating the claims of the Settlement Class Members.

8. The Court finds that 11,317 Class Members submitted valid claim forms, a total of 89[1] Class Members requested exclusion, one conditional objection was received on behalf of four Class Members, and two Class Members submitted objections to the settlement. The Consumer Law Center filed its appearance on behalf of four Class Members and personally appeared before the Court at the hearing.

9. The Court finds that the settlement provides fair, adequate and reasonable relief to Class Members.

10. The Court having carefully reviewed Class Counsel's Petition for Award of Class Counsel's Fees and Costs (Filing No. 72), hereby finds that the award of attorneys' fees sought by Class Counsel is fair and reasonable to the Settlement Class and the Court approves an award of attorneys' fees to Class Counsel in the amount of $111,666.66 in accordance with the terms of the Agreement.

11. The Court approves the class action settlement between the parties, with the specific approval of:

    (A)    the award of $2,500.00 to Ashfaq Hussain;

    (B)    the award of $2,500.00 to Michael Carbone;

    (C)    the award of $2,500.00 to Robert Grosz;

    (D)    the award of $2,500.00 to Chaya Grosz,

    (E)    payment of $226,500.00 to Settlement Class Members

    (F)    an award of $ 111,666.66 to Class Counsel for attorney's fees and costs as set forth above; and

---

[1] This includes Class Members who submitted correspondence and said correspondence is being treated as a request for exclusion.

5

  (G) the releases found in the Agreement, (*see* Filing No. 65, Appendix A, ¶15).

12. The terms of the Agreement are incorporated into this Order. This Order shall operate as a final judgment and dismissal with prejudice of the claims in this action.

13. For purposes of clarity, and notwithstanding anything to the contrary in the Agreement, the Settlement Class Members' release and waiver of claims—and the final judgment and dismissal with prejudice provided herein—shall be limited to Plaintiffs' Fair Debt Collection Practices Act claims, and the alleged conduct in support of said claims. Settlement Class Members are not precluded from addressing, contacting, dealing with, or complying with requests or inquiries from any governmental authorities relating to the issues raised in this class action settlement.

14. The Court hereby approves the New York Legal Aid Society and Indiana Legal Services as the *cy pres* recipients, subject to the terms of the Agreement.

15. The parties are hereby **ORDERED** to comply with the terms of the Agreement and this Order.

This litigation is now **DISMISSED with prejudice** pursuant to the Agreement, as to Plaintiff and all Class Members. The Clerk is directed to terminate this action.

  **SO ORDERED**.

Date: 6/21/2018

_____
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

Cathleen Maria Combs
EDELMAN COMBS LATTURNER GOODWIN
ccombs@edcombs.com

Daniel A. Edelman
EDELMAN COMBS LATTURNER GOODWIN
courtecl@edcombs.com

Tiffany N. Hardy
EDELMAN COMBS LATTURNER GOODWIN
thardy@edcombs.com

Robert E. Duff
INDIANA CONSUMER LAW GROUP
THE LAW OFFICE OF ROBERT E. DUFF
robert@robertdufflaw.com

Edward M. Smid
BARNES & THORNBURG LLP
edward.smid@btlaw.com

Michael H. Gottschlich
BARNES & THORNBURG LLP
mgottsch@btlaw.com

Jalina Joy Hudson
PERKINS COIE LLP
jhudson@perkinscoie.com

Manny Caixeiro
PERKINS COIE LLP
mcaixeiro@perkinscoie.com

Phillip Robinson
CONSUMER LAW CENTER LLC
phillip@marylandconsumer.com